**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

JOANNE GRECO                            :
                                        :    No.: 5:27-cv-5663
         v.                             :
                                        :    JURY TRIAL DEMAND
PETCO ANIMAL SUPPLIES STORES, INC. :
_____


CIVIL ACTION COMPLAINT


COMES NOW, Plaintiff, by counsel, and she complains of Defendant as follows:


JURISDICTION

1.  This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA").


PARTIES

2.  Plaintiff, Joanne Greco, is an adult individual who resides at 9397 Sherwood Drive, Kunkletown, PA 18058.

3.  The Defendant, Petco Animal Supplies Stores, Inc., is a corporation that operates a pet store located at 2920 Easton Avenue, Bethlehem, PA 18017 in Lehigh County, which is located in this Judicial District.


1

FACTS

4.    Plaintiff was first employed by Defendant as a Clinical Advisor in the veterinarian department of Defendant's pet store starting on September 18, 2023.

5.    At all times material hereto, Defendant employed 50 or more persons within a 75-mile radius of the vicinity where Plaintiff worked.

6.    At all times material hereto, Defendant adopted the FMLA as part of its written policy.

7.    At all times prior to August 2024, Plaintiff worked an average of about 55-1/2 hours per week for Defendant and accumulated well in excess of 1,250 work hours prior to August 2024 and she was eligible to take up to 12 weeks of FMLA protected leave at that time.

8.    Plaintiff's husband started feeling sick in August 2024.

9.    Plaintiff notified her supervisor, Josh Lewis (Store Manager), about her husband's illness and indicated that she would need to take intermittent days off to accompany her husband to see doctors.

10.    In November 2024, Plaintiff's husband was diagnosed with stage 3 bladder cancer and had to undergo surgery in December 2024.

11.    Plaintiff notified her supervisor, Josh Lewis (Store Manager), and Defendant's portal about her husband's illness and

indicated that she would need to take intermittent days off to accompany her husband to undergo surgery and thereafter accompany him to chemotherapy treatments for 7 hours every 12 days.

12.  Plaintiff also notified Mr. Lewis and Defendant's Human Resources portal multiple times that she would also need to stay out of work intermittently to care for her husband if he needed assistance while recovering from surgery and chemotherapy treatments.

14.  Thus, between August and November 2024 Plaintiff notified Mr. Lewis and Defendant's Human Resources Portal that she would be taking intermittent leave for her husband's serious health condition, which were lawful requests for FMLA-protected leave.

15.  Thus, Plaintiff provided multiple notices to Defendant of her need for leave pursuant to the FMLA as soon as was practicable as required by the FMLA.

16.  Despite these notices and Plaintiff's repeated call outs for her husband's illness, Defendant and its Human Resources Departments never requested an FMLA certification to be completed by Plaintiff's husband's treating doctor(s) and never informed Plaintiff of her eligibility for intermittent FMLA leave.

3

17.   Plaintiff's husband's treating doctors were health care providers as defined by the FMLA.

18.   Plaintiff husband was at all times on a plan of continuing treatment by her health care providers for his aforementioned serious and/or chronic health condition.

19.   Plaintiff was eligible to take intermittent FMLA leave for a family member for up to 12 weeks commencing in August 2024 in that she had not used any FMLA leave in the twelve months preceding August 2024.

20.   On February 16, 2025, Plaintiff called out 1 hour and 40 minutes prior to her shift to let Defendant know she was going to be late because she was accompanying her husband to chemotherapy, and Plaintiff arrived 1-1/2 hours late that day because of the chemotherapy for her husband, complicated by icy conditions on the roadways.

21.   On February 16, 2025, Defendant's agent Mr. Lewis notified Plaintiff that she was terminated due to excessive tardiness, claiming that Plaintiff used her husband's illness as an excuse for her tardiness.

22.   Defendant's proffered reasons for Plaintiff's termination were pretext designed to mask true unlawful reason for her termination.

23.   The true reason why plaintiff was terminated by Defendant was because she pursued her FMLA rights to which she

4

was entitled.

24.  In truth, Plaintiff was tardy between August 2024 and February 2025 because she had to help her husband multiple times due to his cancer and his cancer treatments, and these periods of missed work were covered by the FMLA.

25.  Despite all of her hours that she missed due to her husband's illness, Plaintiff still had about 33 hours of paid time off available on the day she was terminated.

26.  Defendant acted by and through its agents who had authority to hire, fire, and discipline Plaintiff.

27.  As a direct result of Defendant's unlawful termination of Plaintiff's employment, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost benefits and other financial losses.

28.  Plaintiff has and will be engaged in great efforts to mitigate her damages by searching for new employment, but she has to date and may in the future be unsuccessful in her efforts to find equivalent employment.

29.  Plaintiff seeks to recover liquidated damages in an amount equal to actual damages because defendants and their agents intentionally, and/or in bad faith, violated the FMLA.

30.  Plaintiff seeks to recover reasonable attorneys' fees and costs associated with the prosecution of this lawsuit.

31.  Plaintiff seeks immediate reinstatement of her employment.

32.  Plaintiff's missed work never exceeded the FMLA limit of 12 weeks (or 480 hours) of missed time from work between August 2024 and February 2025.


COUNT 1
VIOLATION OF THE FMLA

33.  Plaintiff repeats paragraphs 1-32 as if more fully set forth herein.

34.  Defendant and its agents violated the FMLA by terminating Plaintiff because she exercised her rights under the FMLA and requested and took FMLA protected intermittent leave.

35. Defendant and its agents violated the FMLA by terminating plaintiff in retaliation for requesting and/or taking FMLA protected leave.

36. Had plaintiff not taken and requested FMLA leave, she would not have been terminated from her position as Clinic Advisor.


WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 1 against defendant for lost pay, lost benefits, other financial losses, liquidated damages, reasonable

attorneys' fees and costs, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

COUNT 2
VIOLATION OF THE FMLA

37. Plaintiff repeats paragraphs 1-36 as if more fully set forth herein.

38. Defendant and its agents violated the FMLA by unlawfully interfering with her right to take FMLA protected leave.

39. Defendant interfered with Plaintiff's right to take intermittent leave as needed to care for her husband who suffered from a serious and/or chronic health condition, and to thereafter return from her leave after taking intermittent leave after providing sufficient notice.

40. Defendant never requested a certification from Plaintiff to have her husband's physician certify her need to take FMLA leave and thus Defendant waived its right to claim that Plaintiff used her husband's illness and an excuse.

WHEREFORE, plaintiff demands that judgment be entered in her favor on Count 2 against Defendant for lost pay, lost benefits, other financial losses, liquidated damages, reasonable attorneys' fees and costs, reinstatement of employment and any

7

other relief that this Honorable Court deems to be fair and

proper.

/s/ Samuel A. Dion

_____

Samuel A. Dion, Esq.
Dion & Goldberger
2001 Market Street, Ste. 2500
Philadelphia, PA 19103
215-280-0138 (tel)
samueldion@aol.com
Attorneys for Plaintiff

8